IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REBECCA LOUISE PEREZ,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-725 TS<br>Criminal Case No. 2:14-CR-435 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

Petitioner was charged with possession of methamphetamine with intent to distribute on August 20, 2014. On September 4, 2014, the government filed an Information pursuant to 21 U.S.C. § 851(a)(1), informing Petitioner that she faced increased punishment as a result of a California felony conviction for possession of a controlled substance.

Petitioner pleaded guilty on September 22, 2014. On December 2, 2014, Petitioner was sentenced to the minimum mandatory term of 10 years.

1

Petitioner filed a direct appeal and the Office of the Federal Public Defender was appointed to represent her. Petitioner later voluntarily withdrew her appeal and it was dismissed on June 22, 2015. Petitioner timely filed the instant Motion on June 23, 2016.[1]

## II.  DISCUSSION

Petitioner's Motion raises six claims for ineffective assistance of counsel. First, Petitioner contends that her counsel was ineffective for failing to file a petition under California Proposition 47, resulting in a higher sentence. Second, counsel failed to show or discuss the discovery with her. Third, counsel failed to explain the presentence report with Petitioner. Fourth, counsel failed to object to factual disputes and legal issues in the presentence report. Fifth, counsel failed to follow the Court's orders to file an appeal. Sixth, counsel failed to provide any defense for Petitioner.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To determine ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[2] To establish

---

[1] Petitioner filed a motion in her criminal case seeking additional time to file her Petition. However, Petitioner's conviction did not become final for purposes of 28 U.S.C. § 2255(f)(1) until the time for filing a petition for writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003). The fact that Petitioner's direct appeal was voluntarily dismissed does not alter this time frame. *See Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008). Thus, Petitioner's Motion was timely filed and her request for additional time is moot.

[2] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[4] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[5] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[6]

A.  PROPOSITION 47

Petitioner was charged with a violation of 21 U.S.C. § 841(a)(1), punishable by 21 U.S.C. § 841(b)(1)(B). This resulted in a five year minimum mandatory term. However, as stated, the government filed an Information pursuant to 21 U.S.C. § 851(a)(1), putting Petitioner on notice that she was subject to increased punishment based on a prior felony drug conviction. Under 21 U.S.C. § 841(b)(1)(B), any person who commits a violation of § 841 "after a prior conviction for a felony drug offense has become final" is subject to a term of imprisonment of not less than ten years.

The conviction relied upon in the government's Information was a 2005 California felony conviction for possession of a controlled substance. Except as discussed below, there is no question that Petitioner committed a violation of § 841 after a felony drug offense had become

---

[3] *Strickland*, 466 U.S. at 694.

[4] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[5] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[6] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

final. However, Petitioner argues that her counsel was ineffective for failing to seek a reduction of her offense under California's Proposition 47.

Proposition 47 "permits previously-convicted defendants to petition the court for a 'recall of sentence,' which, if granted, would effectively reclassify their qualifying felonies as misdemeanors."[7] Petitioner argues that, had her counsel sought a reclassification of her prior conviction, she would not have been subject to a ten year minimum mandatory sentence. Petitioner's argument misstates the effect of a change in state law in determining her federal sentence.

"The question posed by § 841(b)(1)[(B)] is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside."[8] Thus, "a state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior state] conviction' becoming final—which is what § 841 requires."[9] The Tenth Circuit has held that even where a state has expunged a prior conviction, the conviction remains relevant to a determination of whether a defendant has a prior conviction under §841(b).[10] The Ninth Circuit has recently addressed the application of Proposition 47 to § 841. It held that "California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841."[11]

---

[7] *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016).

[8] *United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013).

[9] *Diaz*, 838 F.3d at 974 (quoting *Dyke*, 718 F.3d at 1292).

[10] *Dyke*, 718 F.3d at 1293.

[11] *Diaz*, 838 F.3d at 975.

Based on this, the Court cannot conclude that counsel's performance was deficient in failing to seek a reduction under Proposition 47. Even if counsel's performance was deficient, Petitioner has failed to demonstrate prejudice. Any reclassification of her prior conviction would not affect the historical fact that Petitioner had a prior felony drug conviction and, thus, would not have altered the applicable minimum mandatory sentence.

In her reply, Petitioner argues for the first time that her prior felony drug conviction was actually a "wobbler," a crime that can be punished as either a misdemeanor or a felony. Petitioner states that her prior conviction was, in fact, a misdemeanor and counsel was ineffective for failing to discover this fact. Petitioner states that she only discovered that her conviction was a wobbler when she petitioned the state of California for a reduction.

This new argument attempts to insert a new theory in this case and, therefore, does not relate back to Petitioner's original Motion.[12] As a result, it is an untimely second or successive § 2255 motion, which the Court finds is not in the interests of justice to transfer.[13] Thus, the Court lacks jurisdiction to consider this claim.

Even if the Court had jurisdiction, Petitioner's argument that her prior conviction was a misdemeanor is not supported by the documentation she attached to her original Motion. Those documents show that in June 2016, Petitioner applied for a reduction under Proposition 47. That petition was granted and her felony conviction was designated as a misdemeanor.[14] Thus, Petitioner's own evidence refutes her claim that her underlying conviction was a misdemeanor. Further, this new claim directly contradicts Petitioner's argument that her counsel was

---

[12] *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

[13] *In re Cline*, 531 F.3d 1249, 1250–51 (10th Cir. 2008).

[14] Docket No. 1 Ex. 1.

ineffective for seeking a reduction under Proposition 47.  Had Petitioner actually been sentenced to a misdemeanor, no reduction under Proposition 47 would have been necessary.  Therefore, this claim fails.

B.   DISCOVERY

Petitioner argues that her counsel failed to review the discovery with her, leaving her with no choice but to plead guilty.  Petitioner appears to argue that her plea was not entered into knowingly and voluntarily.  The record suggests otherwise.

The Statement by Defendant in Advance of Plea of Guilty and Plea Agreement ("Statement in Advance") informed Petitioner that she faced a maximum possible term of imprisonment of up to life and a minimum mandatory sentence of ten years.  The Statement in Advance further stated that Petitioner discussed her case and the plea with her attorney, that she had no additional questions, and was satisfied with her lawyer.

The transcript from the plea colloquy shows Petitioner had reviewed the plea agreement and that she had sufficient time to discuss it with her counsel.  Petitioner affirmed that no one had threatened or coerced her to enter the plea and that she was not under the influence of any alcohol, drug, or medication.  The Magistrate Judge informed Petitioner of the rights she would be giving up and the government explained the maximum possible penalties involved.  Particularly, the government explained that Petitioner faced a minimum mandatory sentence of ten years.  The Magistrate Judge reviewed the factual basis for the plea, as contained in the plea agreement, which Petitioner stated was accurate.  Petitioner was then given the opportunity to ask her attorney any additional questions before the Magistrate Judge took her plea, an opportunity she declined.  Petitioner then pleaded guilty.  Based upon this, the Court cannot

conclude that Petitioner pleaded guilty because she had no choice. Rather, the evidence shows that Petitioner entered the plea agreement knowingly, voluntarily, and of her own free will. Therefore, this claim fails.

C.     PRESENTENCE REPORT AND SENTENCING

Petitioner next contends that counsel failed to discuss the presentence report with her. This argument too is belied by the record. At sentencing, the Court specifically inquired whether Petitioner had reviewed the presentence report and had adequate time to discuss it with her attorney. Petitioner stated that she "didn't really understand" the presentence report. Counsel then stated that he reviewed the presentence report with Petitioner, that he tried to answer any questions she had about it, and then met again with Petitioner to discuss the presentence report further. The Court offered Petitioner additional time to review the presentence report with her counsel, but Petitioner stated that she did not need any more time and wanted to proceed to sentencing.

Moreover, Petitioner has failed to demonstrate any prejudice as a result of counsel's alleged failure to adequately review the presentence report with her. Petitioner appears to argue that, if counsel had spent more time with her, they would have discovered that she did not qualify for an enhanced sentence. For the reasons discussed, that claim fails.

Petitioner also argues that counsel failed to object to factual disputes and legal issues contained in the presentence report. Petitioner does not state what factual disputes and legal issues counsel failed to address. Petitioner's argument is premised on her belief that she should not have received an enhanced sentence based on the application of Proposition 47, which the Court has rejected above.

D.     APPEAL

Petitioner next argues that counsel was ineffective because he failed to follow the Court's order to file an appeal.  As an initial matter, the Court notes that there was no order from the Court directing counsel to file an appeal.  Rather, at the conclusion of the sentencing hearing, the Court informed Petitioner of her appellate rights, as required.  Nothing in that recitation of rights can be construed as an order directing counsel to appeal.

Turning to the merits, Petitioner can show no prejudice as a result of counsel's failure to file an appeal.  Petitioner filed a notice of appeal pro se and was later appointed counsel to pursue her appeal.  Petitioner later agreed to voluntarily withdraw her appeal, but she was nevertheless afforded an opportunity to appeal.  Therefore, this claim fails.

E.     FAILURE TO PROVIDE DEFENSE

Petitioner's final argument is that her counsel failed to provide any defense.  This argument is largely reliant on the arguments addressed above and fails for the same reasons.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-725 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.  It is further

ORDERED that Petitioner's Motion for Extension of Time (Docket No. 51 in Case No. 2:14-CR-435) is DENIED AS MOOT.

The Clerk of Court is directed to close Case No. 2:16-CV-725 TS forthwith.

DATED this 11th day of January, 2017.

BY THE COURT:

Ted Stewart
United States District Judge